GARMAN TURNER GORDON LLP
TALITHA GRAY KOZLOWSKI, ESQ.
NV Bar No. 9040
E-mail: tgray@gtg.legal
TERESA M. PILATOWICZ, ESQ.
NV Bar No. 9605
E-mail: tpilatowicz@gtg.legal
ERICK T. GJERDINGEN, ESQ.
 NV Bar No. 11972
E-mail: egjerdingen@gtg.legal
650 White Drive, Ste. 100
Las Vegas, Nevada 89119
Telephone 725-777-3000
*Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>U.S.A. DAWGS, INC.,<br><br>Debtor. | Case No.: BK-S-18-10453-LED<br><br>Chapter 11<br><br>Date: OST Requested<br>Time: OST Requested |

**EMERGENCY MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEBTOR U.S.A. DAWGS, INC.**

Garman Turner Gordon LLP ("GTG") hereby submits its motion to withdraw as counsel for U.S.A Dawgs, Inc. ("Debtor"), debtor and debtor-in-possession, in the above-captioned proceeding (the "Motion"). This Motion is made and based on the following points and authorities, the declaration of Teresa M. Pilatowicz, Esq. in support of the Motion (the "Pilatowicz Declaration"), the papers and pleadings of which the Court may take judicial notice, and any evidence or oral argument presented at the time of the hearing on this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.
RELEVANT FACTS**

1. On January 31, 2018, Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") thereby commencing the above-captioned case (the "Chapter 11 Case"). See ECF No. 1.

2. On February 2, 2018, Debtor filed an *Application for Order Approving Employment of Garman Turner Gordon LLP as Attorney as Counsel for Debtor*. See ECF No. 16.

3. On March 19, 2018, this Court entered the *Order Approving Application for Order Approving Employment of Garman Turner Gordon LLP as Attorney as Counsel for Debtor.* See ECF No. 161.

4. GTG has appeared before this Court and acted as counsel for Debtor since its retention. See Pilatowicz Decl., ¶ 3.

5. As a result of professional considerations, GTG's ability to provide adequate representation to Debtor has been impaired and renders an ongoing attorney/client relationship impossible. See Pilatowicz Decl., ¶ 4.

6. As a result, GTG does not believe that it can continue to represent Debtor in the Chapter 11 Case, including related adversaries, and GTG desires to withdraw as counsel for the Debtor. See Pilatowicz Decl. ¶ 5.

7. GTG has advised Debtor of its intent to withdraw and advised Debtor to obtain new counsel. The last known address of Debtor is 4120 W. Windmill Lane, Suite 106, Las Vegas, Nevada 89139. See Pilatowicz Decl. ¶ 6.

8. GTG will advise parties that have appeared in the Chapter 11 Case of its intent to withdraw as counsel. See Pilatowicz Decl. ¶ 7.

9. The next scheduled hearing in this matter is a *Motion to Remove Certain Litigation Claims from the List of Assets Being Sold at the June 29, 2018 Auction of Debtor's Assets or, in the Alternative, for the Appointment of a Chapter 11 Trustee to Determine Values and Best Use Litigation Claims,* which is scheduled for June 28, 2018 at 1:30 p.m. See ECF No. 442.

10. Furthermore, an auction for Debtor's assets is scheduled for 10:00 on June 29, 2018 with a *Motion For Entry of Order Approving Bid Procedures Relating to Sale of Debtors Assets for Auction Scheduled for June 29, 2018, or alternatively August 1, 2018; Approving the Form and Manner of Notice of Sale By Auction, and Establishing Procedures For Noticing; and*

*For Entry of An Order Authorizing Sale of Debtors Assets Outside of the Ordinary Course of Business Free and Clear of All Liens, Claims, Encumbrances, and Interests* scheduled for 4:00 on June 29, 2018.

11. Finally, the following matters are scheduled for hearing on July 6, 2018:

a. Status Hearing regarding Debtor's *Chapter 11 Petition* [ECF No. 1];

b. Status Hearing regarding *Emergency Motion for Entry of an Interim Order Pursuant to Bankruptcy Rule 4001(b) and LR 4001(b); (1) Preliminary Determining Extent of Cash Collateral by Debtor; and (2) Scheduling a Final Hearing to Determine Extend of Cash Collateral and Authorizing Use of Cash Collateral by Debtor* [ECF No. 6];

c. *Motion to Dismiss or Appoint a Trustee for Bad Faith or, in the Alternative, Motion for Relief from the Automatic Stay or for Abstention* [ECF No. 45];

d. *GemCap Lending I, LLC's Objection to U.S.A. Dawgs, Inc.'s Proposed May Budget* [ECF No. 243]; and

e. *Defendant GemCap Lending I, LLC's Motion to Dismiss Adversary Complaint* [ECF No. 12], Adversary Case No. 18-01011.

## II.
## LEGAL AUTHORITY

Local Rule IA 10-6, made applicable to this bankruptcy matter pursuant to Local Rule 1001(b)(2) states, in pertinent part, as follows:

> (b)  No attorney may withdraw after appearing in a case except by leave of court after notice served on the affected client and opposing counsel.
>
> . . .
>
> (e)  Except for good cause shown, no withdrawal or substitution shall be approved if delay of discovery, the trial or any hearing in the case would result. Where delay would result, the papers seeking leave of court for the withdrawal or substitution must request specific relief from the scheduled trial or hearing.  If a trial setting has been made, an additional copy of the moving papers shall be provided to the clerk for immediate delivery to the assigned district judge, bankruptcy judge or magistrate judge.

3

Nevada Supreme Court Rule 46 provides that an attorney may withdraw from a matter "at any time before judgment or final determination . . . upon the order of the Court or Judge thereof on the application the attorney . . . ."

Nevada Rule of Professional Conduct 1.16(b) provides, in pertinent part, as follows:

> [A] lawyer may withdraw from representing a client if:
>
> (1)    Withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> …
>
> (4)    A client insists upon taking action that the lawyer considers repugnant or with which the lawyer has fundamental disagreement;
>
> . . .
>
> (6)    the representation will result in an unreasonable financial burden on the attorney or has been rendered unreasonably difficult by the client; or
>
> . . .
>
> (7)    if other good cause exists for terminating the representation.

GTG cannot continue to represent Debtor in this matter as a result of professional considerations. See American Bar Association, Center for Professional Responsibility (2013), *Model Rules of Professional Conduct*, comment [3] to Rule 1.16.[1]  In the case at hand, GTG notified Debtor that it could not continue the representation, and advised Debtor to retain substitute counsel. See Pilatowicz Decl., ¶ 7.  Absent a substitution of counsel prior to July 6, 2018, GTG is seeking to have its Motion heard on July 6, 2018 to permit time for Debtor to retain new counsel and avoid delay.

. . .

---

[1] When a lawyer has been appointed to represent a client, withdrawal ordinarily requires approval of the appointing authority. See also Rule 6.2. Similarly, court approval or notice to the court is often required by applicable law before a lawyer withdraws from pending litigation. Difficulty may be encountered if withdrawal is based on the client's demand that the lawyer engage in unprofessional conduct. The court may request an explanation for the withdrawal, while the lawyer may be bound to keep confidential the facts that would constitute such an explanation. The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient. Lawyers should be mindful of their obligations to both clients and the court under Rules 1.6 and 3.3.

### III.
### CONCLUSION

WHEREFORE, GTG respectfully requests that the Court grant it leave to withdraw as counsel for the Debtor in this case, and grant it such other and further relief as is just and proper.

DATED this 27th day of June, 2018.

        GARMAN TURNER GORDON LLP

        By: */s/ Teresa M. Pilatowicz*
           TALITHA GRAY KOZLOWSKI, ESQ.
           TERESA M PILATOWICZ, ESQ.
           ERICK T. GJERDINGEN, ESQ.
           650 White Drive, Suite 100
           Las Vegas, Nevada 89119
           *Attorneys for Debtor*

4832-5401-4316, v. 3