LARSON ZIRZOW & KAPLAN, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzklegal.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzklegal.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: BK-S-18-10453-LEB<br>Chapter 11 |
| U.S.A. DAWGS, INC., | |
|     Debtor. | Date: August 21, 2018<br>Time: 9:30 a.m. |

**MOTION TO: (I) DISTRIBUTE NET SALE PROCEEDS, AND**
**(II) DISMISS CHAPTER 11 BANKRUPTCY CASE OR,**
**<u>IN THE ALTERNATIVE, CONVERT TO CHAPTER 7</u>**

U.S.A. Dawgs, Inc, a Nevada corporation, as debtor and debtor-in-possession (the "<u>Debtor</u>"), hereby respectfully submits its motion (the "<u>Motion</u>") seeking to dismiss its chapter 11 bankruptcy case or, in the alternative, to convert to chapter 7 pursuant to section 1112 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 1017(f) and 9014 of the Federal Rules of Bankruptcy Procedure ("<u>Bankruptcy Rule(s)</u>"), and is based upon the points and authorities which follow, the *Declaration of Steven Mann* (the "<u>Mann Declaration</u>"), the papers and pleadings on file herein, judicial notice of which is respectfully requested, and any arguments made by counsel at any hearings on this matter.

. . .

. . .

. . .

**Jurisdiction and Venue**

1.      On January 31, 2018 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing its bankruptcy case (the "Chapter 11 Case").  Debtor was authorized to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committees have been formed in the Chapter 11 Case.

2.      The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 1001(b)(1).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to LR 9014.2, the Debtor consents to the entry of final orders and judgments by the bankruptcy judge.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408(1) and 1409(a).

**Statement of Relevant Facts**

3.      On February 8, 2018, GemCap Lending I LLC ("GemCap") filed its *Motion to Dismiss or Appoint a Trustee for Bad Faith or, in the Alternative, Motion for Relief from the Automatic Stay or for Abstention* (the "GemCap Motion") [ECF No. 45].   The parties substantially briefed the GemCap Motion and the hearing on it was continued numerous times, including most recently to a further status hearing on August 21, 2018.  No written order appears to have ever been entered adjudicating the GemCap Motion.

4.      On February 20, 2018, the Debtor filed a *Complaint* against GemCap, thereby commencing Adv. No. 18-1011 (the "Adversary Proceeding"), which asserted lender liability styled claims for breach of contract, breach of the implies covenant of good faith and fair dealing, intentional interference with contractual relations, declaratory judgment regarding violation of the automatic stay, declaratory judgment regarding lender licensing in Nevada, objection to claim and declaratory judgment on claim, and for an accounting (collectively, the "Adversary Claims").

5.      On March 19, 2018, the Court entered an order authorizing the Debtor's retention and employment of the law firm of Garman Turner Gordon, LLP ("GTG") as general bankruptcy counsel [ECF Nos. 16 and 161].

6.      On March 30, 2018, GemCap filed a *Motion to Dismiss* [ECF No. 12] the

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

Debtor's Adversary Complaint, which has been briefed by the parties and is now set for hearing on August 6, 2018.

7.　　On April 18, 2018, GemCap filed its proof of claim, being Claim No. 11, thereby asserting a secured claim in the amount of $4,523,014.30.  At this time, GemCap's claim was already subject to the Adversary Proceeding and the Adversary Claims, and thus this proof of claim is not deemed allowed pursuant to section 502(a) of the Bankruptcy Code.

8.　　On April 20, 2018, the Court entered an order approving the Debtor's application to employ Three Twenty-One Capital Partners, LLC ("3-21") as investment bankers to the Debtor for a potential sale transaction [ECF Nos. 122 and 233].

9.　　On May 22, 2018, GemCap filed its *Notice of Credit Bid of GemCap Lending I, LLC* [ECF No. 303], thereby providing a credit bit of $4,300,000 for the auction.

10.　　On May 25, 2018, the Debtor filed its *Motion for Entry of Order Approving Bid Procedures Relating to Sale of Debtors Assets for Auction Scheduled for June 29, 2018, or alternatively August 1, 2018; Approving the Form and Manner of Notice of Sale By Auction, and Establishing Procedures For Noticing; and For Entry of an Order Authorizing Sale of Debtor's Assets Outside of the Ordinary Course of Business Free and Clear of All Liens, Claims, Encumbrances, and Interests* [ECF No. 314], which was later revised [ECF Nos. 352 and 352].

11.　　On May 31, 2018, the Debtor filed its [Proposed] *Chapter 11 Plan of Reorganization* (the "Plan") [ECF No. 331] and its [Proposed] *Disclosure Statement* [ECF No. 334] (the "Disclosure Statement") in support of the Plan.  In light of the entry of the Sale Order and the impending consummation of the Sale transaction as hereinafter explained, the Debtor intended to withdraw its Plan and Disclosure Statement.

12.　　On June 15, 2018, the Debtor filed its *Notice of Auction on June 29, 2018* [ECF No. 380].

13.　　On June 18, 2018, and after holding a hearing on June 8, 2018, the Court entered an *Order Approving Bid Procedures Relating to Sale of Debtor's Assets For Auction Scheduled For June 29, 2018, or Alternatively August 1, 2018; Approving the Form and Manner of Notice of Sale By Auction, and Establishing Procedures for Noticing; and for Entry of an Order*

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

3

*Authorizing the Sale of Debtor's Assets Outside of the Ordinary Course of Business Free and Clear of All Liens, Claims, Encumbrances, and Interests* (the "Sale Procedures Order") [ECF No. 383].

14.    On June 27, 2018, GTG submitted an *Emergency Motion to Withdraw as Counsel for Debtor* [ECF No. 452], which was orally granted at a hearing on July 6, 2018, but effective upon entry of the Sale Order (as hereinafter defined), however, no written order on this motion appears to have ever been entered by the Court.

15.    On June 29, 2018, the Debtor held an auction sale in open court and the Court held a hearing and orally approved the Debtor's sale of substantially all of its assets per the Sale Procedures Order to Optimal Investment Group, Inc., or its designee(s) ("OIG").

16.    On July 13, 2018, 3-21 filed its first and final fee application (the "3-21 Fee Application") [ECF No. 517] seeking allowance of compensation in the amount of $273,000 for services rendered and reimbursement of expenses incurred of $9,560.10 as the Debtor's investment banker.  It appears that 3-21 will seek to have any fees and costs it may be allowed to be paid from the sale proceeds generated per the transaction approved in the Sale Order and APA (as hereinafter defined).  The 3-21 Fee Application is set for hearing on August 14, 2018, and thus presumably will be adjudicated by the time of the hearing on the instant Motion seeking to distribute the net sale proceeds and thereafter dismiss this Chapter 11 Case, or in the alternative, convert the case to chapter 7.

17.    On July 20, 2018, and after holding a hearing on June 29, 2018, the Court entered an *Order: (I) Authorizing the Sale of Debtor's Assets Outside of the Ordinary Course of Business Free and Clear of Liens, Claims, Encumbrances, and Interests; (II) Authorizing the Assumption, Sale, and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* (the "Sale Order") [ECF No. 553], thereby approving the Sale Motion and the sale of substantially all of the Debtor's assets to OIG, or its designee(s), pursuant to the terms and conditions of the Asset Purchase Agreement (the "APA") attached thereto as Exhibit 1.

18.    Pursuant to paragraphs 6 and 16 of the Sale Order, the GemCap Allowed Secured Claim of $4,300,000 attaches to the cash proceeds received by the Debtor's estate from the Sale.

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

In so holding, the Sale Order did not provide a release or waiver of the Debtor's Adversary Claims against GemCap.

19.    Pursuant to paragraph 42 of the Sale Order, which is entitled "Distribution of Purchase Price," the Court ordered that "[n]otwithstanding anything to the contrary in the Purchase Agreement, the Purchase Price (as defined in the Purchase Agreement) shall be paid on the Closing Date by the Prevailing Bidder directly to an escrow account with First American Title Company, unless otherwise agreed in writing by GemCap, the expense of which shall be paid from the Purchase Price, which funds shall be held pending further Order of the Court." Consistent with the foregoing language, the instant Motion seeks to authorize and approve the Debtor's payment of the net sale proceeds to GemCap pursuant to this provision of the Sale Order.

20.    Also on July 20, 2018, the Debtor filed an application to employ the law firm of Larson Zirzow & Kaplan ("LZK") as its new general bankruptcy counsel [ECF No. 544], which application is set for hearing on August 21, 2018.  On the assumption that all remaining matters in the Debtor's Chapter 11 Case will be adjudicated on or by that August 21, 2018 hearing date and that the Court will rule to either dismiss or convert the case at that hearing, it is LZK's intention to also file a first and final fee application for the allowance and immediate payment of its fees and costs solely from its existing retainer only, which it would seek to have heard on shortened time at that same hearing as well.

21.    On July 24, 2018, GTG filed its first and final fee application [ECF No. 558], which is also set for hearing on August 21, 2018, and thus will also presumably be fully adjudicated prior to the Court ruling on the instant Motion seeking to dismiss the Debtor's Chapter 11 Case, or in the alternative to convert the case to chapter 7.  As such, all of the Debtor's professionals' fee applications will presumably be heard and adjudicated prior to the Court considering the distribution and dismissal/conversion relief requested in this Motion.  It is the Debtor's intent not to submit the Order on the instant Motion unless and until all orders are entered on all of the professionals' fee applications, and so as to ensure that that the form of Order granting this Motion will clearly itemize any and all distributions from the escrow account.

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

22.    As of the hearing on this Motion, the Debtor anticipates that the sale to OIG will have closed and the purchase price been fully funded to the escrow account established at First American Title Company, and the Debtor shall have filed its report of sale.  All or substantially all of the Debtor's assets were sold and transferred per the Sale Order and APA, including but not limited to the Debtor's Adversary Claims against GemCap, and thus the Debtor believes that other than the cash sale proceeds in escrow that are subject to GemCap's interest, the Debtor has little, if anything, in property of the estate that is of value, and thus that after making an appropriate distribution of any net remainder in escrow, net of escrow fees, to GemCap and/or any other claimants to the extent they may surcharge or have other enforceable rights in those proceeds, that the case should be dismissed, or in the alternative, converted to chapter 7.

**Legal Authority**

**A.    A Distribution of the Net Sale Proceeds Outside of a Confirmed Plan is Appropriate.**

23.    "The general rule is that a distribution on pre-petition debt in a Chapter 11 plan should not take place except pursuant to a confirmed plan of reorganization, absent extraordinary circumstances."  Rosenberg Real Estate Equity Fund III v. Air Beds, Inc. (In re Air Beds, Inc.), 92 B.R. 419, 422 (B.A.P. 9th Cir. 1988).

24.    Notwithstanding the foregoing general rule, it is not without exception, courts have approved so-called "structured dismissal" motions in appropriate circumstances.  See In re Daily Gazette Co., 584 B.R. 540 (Bankr. S.D. W. Va. 2018); In re Naartjie Custom Kids, Inc., 534 B.R. 416 (Bankr. D. Utah 2015); In re Iridium Operating, LLC, 478 F.3d 452 (2d Cir. 2007); see also Czyzewski v. Jevic Holding Corp., 137 S. Ct. 973, 978 (2017) (disapproving a structured dismissal that altered the rules in the Bankruptcy Code regarding order of priority of distribution).

25.    As applied in the case at hand, the Debtor proposes a simple dismissal coupled with payment(s) fully consistent with the Bankruptcy Code, including order of priority rules applicable to distributions, and in order to avoid the cost and delay attendant to the plan process. The Debtor lacks the unencumbered funds to pay professionals to go through the plan process, a

plan will likely not be confirmable, and the Debtor is no longer operating or a going concern after the sale, such that the estate cannot bear the additional administrative costs of going through the plan process.  Finally, based on the specific facts and circumstances of this case, a plan process is entirely unnecessary given that it would likely result in the same ultimate distribution as presently contemplated.  As a result, in the case at hand a dismissal coupled with immediate payment(s) should be approved.

**B.    Dismissal of the Case, or in the Alternative, Conversion to Chapter 7 is Appropriate.**

26.    Dismissal or conversion of a chapter 11 bankruptcy case is governed by section 1112(b) of the Bankruptcy Code, which provides as follows:

> (b)  (1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.
>
>    (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that—
>
>        (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121 (e) and 1129 (e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
>        (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—
>
>            (i) for which there exists a reasonable justification for the act or omission; and
>
>            (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. §§ 1112(b).

27.    A motion to dismiss or convert a chapter 11 case pursuant to section 1112(b) of the Bankruptcy Code requires a two-step analysis:  first, whether cause exists to dismiss or convert the chapter 11 case; and second, which option (conversion or dismissal) is in the best

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

interests of the creditors and the estate.  See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.), 389 B.R. 721, 729 (B.A.P. 9th Cir. 2008).

28.    Courts have looked to multiple factors to determine which action is in the best interest of the creditors and the estate.  Collier on Bankruptcy identifies ten (10) such factors:

(1)    Whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal.

(2)    Whether there would be a loss of rights granted in the case if it were dismissed rather than converted.

(3)    Whether the debtor would simply file a further case upon dismissal.

(4)    The ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors.

(5)    In assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise.

(6)    Whether any remaining issues would be better resolved outside the bankruptcy forum.

(7)    Whether the estate consists of a "single asset."

(8)    Whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests.

(9)    Whether a plan has been confirmed and whether any property remains in the estate to be administered.

(10)   Whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

7 Collier on Bankruptcy ¶ 1112.04[7] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed., 2010).  An analysis of each of the foregoing factors to the case at hand follows.  As hereinafter explained, application of the foregoing factors reveals that they strongly favor dismissal of the Debtor's Chapter 11 Case, instead of conversion to chapter 7.

29.    With respect to the first and second factors, the Debtor is not aware of any viable chapter 5 causes of action or other rights that would be lost if the case were dismissed rather than

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

8

converted.

30.    As to the third factor, there is no danger that the Debtor will simply refile another bankruptcy case because, post-closure of the sale, there are no further assets or business that require reorganization.  As such, there is no reason not to allow the dismissal of this case.

31.    As to the fourth factor, a chapter 7 trustee's ability to reach other assets is no greater than the Debtor had under chapter 11, and the Debtor is not aware of any additional assets that may be recoverable for the benefit of creditors in the event of a conversion, such that dismissal is the more appropriate remedy.

32.    As to the fifth factor, a dismissal of the case would maximize the estate's value because a conversion would only impose an unnecessary additional administrative burden with no appreciable benefit to creditors or parties in interest.

33.    As to the sixth factor, there are no remaining issues between the Debtor and GemCap, and any other matters are better suited to be adjudicated after dismissal in a relevant non-bankruptcy forum, such that dismissal of the Chapter 11 Case is the more appropriate remedy.

34.    As to the seventh factor, the estate did previous consist of a single asset in the form of the Debtor's business, and that business has now been sold, thus resulting in no further need for the Chapter 11 Case and thus favoring dismissal.

35.    As to the eighth factor, the Debtor has not engaged in misconduct and thus creditors are not in need of a chapter 7 case to protect their interests, which factor thus also favors dismissal.

36.    As to the ninth factor, no chapter 11 plan of liquidation has been filed or confirmed and none is needed as there are no assets in the estate that need to be administered by such a formal and expensive fashion, which factor also favors dismissal.

37.    As to the tenth and final factor, there are no allegations of any possible environmental and safety concerns, and the Debtor's assets have been sold in any event, and thus no grounds exist for the appointment of a trustee or conversion to a chapter 7 on that basis.

38.    In light of the foregoing, the Debtor submits that the totality of the circumstances

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

9

of this case weight strongly in favor of dismissal of the case as being in the best interests of all creditors and parties in interest given the practical and economic realities of this case.  In the alternative, and only if the Court deems it necessary and in the best interests of creditors and the estate to convert the case instead, the Debtor requests that its case be converted to chapter 7.

## **Reservation of Rights**

39.    Nothing herein, including but not limited to the payment of the net proceeds of sale to GemCap, is intended or should be construed as an admission, or as a waiver or release of any claims or causes of action any party, including but not limited to any guarantors, may have against GemCap, and all such claims and causes of action against GemCap are expressly reserved and preserved.

## **Conclusion**

WHEREFORE, the Debtor requests that the Court enter an order, in the form attached hereto as **Exhibit 1**, thereby granting this Motion.  The Debtor also requests such other and further relief as is just and proper.

Dated:  July 24, 2018.

By:   /s/ Matthew C. Zirzow
LARSON ZIRZOW & KAPLAN, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
850 E. Bonneville Ave.
Las Vegas, Nevada  89101

Proposed Attorneys for Debtor

# EXHIBIT 1

LARSON ZIRZOW & KAPLAN, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzklegal.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzklegal.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel:  (702) 382-1170
Fax:  (702) 382-1169

Proposed Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: BK-S-18-10453-LEB |
| | Chapter 11 |
| U.S.A. DAWGS, INC., | |
| Debtor. | Date: August 21, 2018 |
| | Time: 9:30 a.m. |

### ORDER GRANTING DEBTOR'S MOTION TO:  (I) DISTRIBUTE NET SALE PROCEEDS, AND (II) DISMISS CHAPTER 11 BANKRUPTCY CASE

U.S.A. DAWGS, INC., a Nevada corporation, as debtor and debtor-in-possession (the "Debtor"), having filed its *Motion to: (I) Distribute Net Sale Proceeds, and (II) Dismiss Chapter 11 Bankruptcy Case or, in the Alternative, Convert to Chapter 7* (the "Motion") [ECF No. ____][1]; the Court having reviewed and considered the Motion, the Court having held a hearing on the

---

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meaning as set forth in the Motion.

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

Motion, with all appearances having been noted on the record, and the Court having heard and considered the arguments of counsel; the Court having made various findings of fact and conclusions of law on the record at the hearing on the Motion pursuant to Fed. R. Civ. P. 52, as made applicable pursuant to Fed. R. Bankr. P. 7052 and 9014(c), which are incorporated herein by reference; and good cause appearing;

**IT IS HEREBY ORDERED:**

1.      The Debtor's Motion is GRANTED in its entirety.

2.      The Escrow Agent at First American Title Company for the Debtor's Sale is authorized and directed to pay all net proceeds of sale, after payment of any fees and costs to the escrow agent, to GemCap pursuant to payment instructions that GemCap shall provide to the escrow agent.

3.      Nothing in the Motion or this Order, including but not limited to the payment of the net proceeds of sale to GemCap, is intended or should be construed as an admission, or as a waiver or release of any claims or causes of action any party, including but not limited to any guarantors, may have against GemCap, and all such claims and causes of action against GemCap are expressly reserved and preserved.

4.      Pursuant to section 348(b) of the Bankruptcy Code, nothing herein is intended or should be construed as altering or impairing the *Order: (I) Authorizing the Sale of Debtor's Assets Outside of the Ordinary Course of Business Free and Clear of Liens, Claims, Encumbrances, and Interests; (II) Authorizing the Assumption, Sale, and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* (the "Sale Order") [ECF No. 553] entered by the Court on July 20, 2018, and the Asset Purchase Agreement (the "APA") attached thereto as Exhibit 1, and the Sale Order and the APA shall continue in full force and effect, and fully enforceable notwithstanding the dismissal of the Debtor's Chapter 11 Case.

5.      Upon the Debtor's payment of all net proceeds from escrow as directed by this Order, and the filing of a declaration confirming the same, the Debtor's Chapter 11 Case shall be and hereby is DISMISSED.

**IT IS SO ORDERED.**

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

2

PREPARED AND SUBMITTED:

By: _____
LARSON ZIRZOW, & KAPLAN LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Proposed Attorneys for Debtor

### LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐  The court has waived the requirement set forth in LR 9021(b)(1).

☐  No party appeared at the hearing or filed an objection to the motion.

☐  I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as below:

☐  I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #