David A. Riggi, Esq.
5550 Painted Mirage Rd. Suite 320
Las Vegas, NV 89149
Ph :   1-702-463-7777
Fax:   1-888-306-7157
E-mail:RiggiLaw@gmail.com
*Attorney for Appellant*
*Double Diamond Distribution, Ltd.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| USA DAWGS, INC.,        Debtor.    ) <br> ) | Case No:18-10453- GS |
| ) | Chapter: 11 |
| DOUBLE DIAMOND DISTRIBUTION, LTD.,     Appellant     ) <br> ) <br> ) | APPEAL REF NO  22-30 |
|     vs.     ) <br> ) | |
| GARMAN TURNER GORDON LLP,     Appellee     ) <br> ) | |

## **STATEMENT OF ISSUES ON APPEAL**

Appellant submits the following issues for determination to the Bankruptcy Appellate Panel for the Ninth Circuit:

(1) Whether the bankruptcy court, at both the fee application hearing and at the Rule 60(b) hearing, erred in determining that subject matter jurisdiction was not a bar to Appellee seeking fees directly from a non-debtor and from property that was not property of the estate, despite the court, as part of the Rule 60(b) hearing, determining that there was no property of the estate upon which to base the allowance of fees under Bankruptcy Code section 330.

(2) Whether the bankruptcy court, at both the fee application hearing and at the Rule 60(b) hearing, erred in determining that there was subject matter jurisdiction on the issue of payment of fees and expenses when there was no motion before the Court making such a specific request for those payments.

(3) Whether the bankruptcy court, at both the fee application hearing and at the Rule 60(b) hearing, erred in determining that there was subject matter jurisdiction on the issue of Appellant's liability when there was no motion before the Court making such a specific request for that liability.

(4) Whether the bankruptcy court, as part of the Rule 60(b) hearing, erred in determining as a fact that there was no property of the estate, at the time of the fee application and at the time of the fee application hearing, from which Appellant could be compensated.

(5) Whether the bankruptcy court, at both the fee application hearing and at the Rule 60(b) hearing, erred in failing to determine whether the obligation of the Appellant was as a guarantor or as a surety, but still allowing the obligation of the Appellant to be joint, several and immediate.

(6)  Whether the bankruptcy court, at the Rule 60(b) hearing, erred in introducing a new theory of law– that an asserted obligation of the Appellant to supply monthly monies to

1

Appellee, starting at the beginning of the case, was a basis to determine its decision -- and not allowing appellants any time for research and response to this new theory.

(7) Whether the bankruptcy court, at both the fee application hearing and at the Rule (60(b) hearing, erred in disregarding Local Rule of Bankruptcy Procedure 9021.

(8) Whether the bankruptcy court, as part of the Rule (60(b) hearing, erred in determining that the Appellant is at blame for any possible delay in seeking redress from the fee application order, despite the fact that Appellant and Appellee were in lengthy and time-consuming litigation that was initiated by Appellee.

DATED this 4th day of November, 2022.

By:*/s/David A. Riggi, Esq.*
David A. Riggi, Esq.
5550 Painted Mirage Road, Ste 320
Las Vegas, Nevada 89149
Attorney for the Appellant

2

David A. Riggi, Esq.
5550 Painted Mirage Rd. Suite 320
Las Vegas, NV 89149
Ph :   1-702-463-7777
Fax:   1-888-306-7157
E-mail:RiggiLaw@gmail.com
*Attorney for Appellant*
*Double Diamond Distribution, Ltd.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| USA DAWGS, INC.,      Debtor. )<br>)<br>) | Case No:18-10453- GS<br><br>Chapter: 11 |
| DOUBLE DIAMOND DISTRIBUTION, LTD.,    Appellant<br>     vs.<br><br>GARMAN TURNER GORDON LLP,      Appellee | APPEAL REF NO  22-30 |

**CERTIFICATE OF SERVICE OF STATEMENT OF ISSUES**

I HEREBY CERTIFY that a true and correct copy of the Statement of Issues was sent via ECF on November 4, 2022, to the following:

OGONNA M. BROWN     OBrown@lrrc.com, ogonna-brown-4984@ecf.pacerpro.com,dberhanu@lewisroca.com,ombcalendar@lewisroca.com;jhess@lewisroca.com,klopez@lewisroca.com;gmercado1@lewisroca.com,gmercado@lewisroca.com
SHAWN CHRISTIANSON     schristianson@buchalter.com, cmcintire@buchalter.com
F. THOMAS EDWARDS     tedwards@nevadafirm.com, ssell@nevadafirm.com;oswibies@nevadafirm.com;dhigh@nevadafirm.com;nmoseley@nevadafirm.com
EDMUND GEE     edmund.gee@usdoj.gov
BRIGID M. HIGGINS     bhiggins@blackwadhams.law, dmeeter@blackwadhams.law;mstallsworth@blackwadhams.law
BRIAN E HOLTHUS     bankruptcy@juww.com, bankruptcy@juwlaw.com;mw@juwlaw.com
MARY LANGSNER     mlangsner@nevadafirm.com, oswibies@nevadafirm.com;rholley@nevadafirm.com;khalsey@nevadafirm.com
ANNE M. LORADITCH     aloraditch@bachlawfirm.com, sandra.herbstreit@bachlawfirm.com;jbach@bachlawfirm.com
EDWARD M. MCDONALD     edward.m.mcdonald@usdoj.gov
BENJAMIN MINTZ     Benjamin.mintz@arnoldporter.com
TERESA M. PILATOWICZ     tpilatowicz@gtg.legal, bknotices@gtg.legal
UZZI O. RAANAN     uraanan@dgdk.com
DAVID A RIGGI     darnvbk@gmail.com, 2782@notices.nextchapterbk.com
SAUL S. ROSTAMIAN     srostamian@winston.com, ecf_sf@winston.com,saul-rostamian-8239@ecf.pacerpro.com
ELIZABETH E. STEPHENS     stephens@sullivanhill.com, hill@sullivanhill.com;dabbieri@sullivanhill.com;bkstaff@sullivanhill.com;stephens@ecf.courtdrive.com;Hawkins@sullivanhill.com
U.S. TRUSTEE - LV - 11     USTPRegion17.lv.ecf@usdoj.gov
ANTHONY S. H. WONG     awong@wshblaw.com, rtodd@wshblaw.com;atilton@wshblaw.com

*/s/ David A. Riggi*
David A. Riggi, Esq. Bar No. 4727
5550 Painted Mirage Road, Suite 320Las Vegas, Nevada 89149
***Attorney for the Appellant***

3